UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SETHA KEO,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No. 1:21-cv-00807-DC-GSA (SS)

ORDER DECLINING THE FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING THE MATTER PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

(Doc. Nos. 21, 23, 30)

Plaintiff Setha Keo seeks judicial review of the administrative decision to deny his application for disability insurance benefits pursuant to Title II of the Social Security Act. (Doc. No. 1.) On June 17, 2022, Plaintiff filed a motion for summary judgment titled "Plaintiff's Opening Brief." (Doc. No. 21.) In his motion, Plaintiff seeks remand of this case for further proceedings. (*Id.*) Plaintiff argues the administrative law judge ("ALJ") erred by (1) rejecting his subjective complaints; (2) failing to consider his VA disability rating; (3) failing to properly

/////

/////

formulate his residual functional capacity[1] ("RFC"); and (4) concluding he could perform jobs that exceed his RFC. (*Id*. at 1, 12–14.) On August 1, 2022, the Commissioner of Social Security ("Commissioner") filed a cross-motion for summary judgment titled "Defendant's Opposition to Plaintiff's Opening Brief." (Doc. No. 23.) Therein, the Commissioner asserts the ALJ's decision was proper and requests an order affirming that decision. (*Id*. at 11–13.) The matter was referred to the assigned magistrate judge under this district's local rules.

On August 22, 2024, the magistrate judge prepared findings and recommendations addressing the parties' motions. (Doc. No. 30.) As relevant here, the magistrate judge observed that the ALJ had only "limited Plaintiff to occasional interaction with [coworkers]" and "no interaction with the public" in the RFC despite finding Dr. Megan Stafford's opinion, that Plaintiff's ability to interact with supervisors is also moderately impaired, to be partially persuasive.[2] (*Id*. at 11.) The magistrate judge found the ALJ's omission of a limitation concerning interactions with supervisors in the RFC was harmless because a vocational expert testified that a limitation to occasional coworker interaction was not work preclusive, therefore "it can be reasonably inferred that *occasional* supervisor interaction" was also not work preclusive. (*Id*. at 11–12) (emphasis in original).

The magistrate judge recommended that the court deny Plaintiff's motion, affirm the ALJ's decision, and enter judgment in favor of the Commissioner. (*Id*. at 12.) The findings and recommendations were served upon the parties and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id*. at 12–13.) On September 4, 2024, Plaintiff filed objections, arguing the court should reject the magistrate judge's findings and recommendations and remand this case for further proceedings. (Doc. No. 31.) The

---

[1] A claimant's residual functional capacity is "the most [a claimant] can still do despite [their] limitations." 20 C.F.R. §416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs").

[2] In the findings and recommendations, the magistrate judge also found the ALJ did not err in evaluating Plaintiff's subjective complaints and VA disability rating. (Doc. No. 30.) Plaintiff has not objected to these findings. (*See* Doc. No. 31.) Having carefully reviewed the entire file, the court concludes that these findings are supported by the record and proper analysis.

Commissioner filed a response on September 17, 2024, asserting the court should accept the magistrate judge's findings and recommendations and enter an order affirming the ALJ's decision. (Doc. No. 32.)

**DISCUSSION**

A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1). If a party files objections, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. A *de novo* review requires the court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

In his objections, Plaintiff argues it was improper for the magistrate judge to infer "that a limitation to occasional contact with coworkers is the same as occasional supervisor contact, and that neither limitation is work preclusive." (Doc. No. 31 at 2.) Instead, Plaintiff contends there is a "fundamental difference" in social interactions between coworkers and supervisors, and the ALJ committed harmful error by failing to address Plaintiff's ability to interact with supervisors in the RFC. (*Id*. at 3–4.)

The court finds Plaintiff's objections persuasive. The ALJ's RFC indicates Plaintiff can "have occasional-work related interaction with coworkers" but does not explicitly address his ability to interact with supervisors. (Doc. No. 13-3 at 20.) Courts within the Ninth Circuit have held that limitations on interactions with coworkers "do not address the separate dynamic created by the supervisory relationship." *Dennis v. Colvin*, No. 14-cv-00822-HZ, 2015 WL 3867506, at *9 (D. Or. Jun. 20, 2015); *see Amalia F. v. King*, No. 24-cv-01469-JDE, 2025 WL 372100, at *4 (C.D. Cal. Jan. 31, 2025) (finding that because the RFC referred only to limitations on contact with the public and coworkers and excluded limitations on contact with supervisors, the ALJ failed to properly account for a persuasive medical opinion); *Mendoza v. Kijakazi*, No. 19-cv-01371-HBK, 2022 WL 715096, at *6 (E.D. Cal. Mar, 10, 2022) (finding "the ALJ's inclusion of limited contact with the public does not subsume the limitation with supervisors and coworkers.") Likewise, this court recognizes that interactions with coworkers are inherently distinct from

interactions with supervisors. *See Alexander R. v. O'Malley*, No. 23-cv-10167-RAO, 2024 WL 3556161, at *2–3 (C.D. Cal. Jul. 26, 2024) (rejecting the Commissioner's position that the limitation to occasional interaction with coworkers implicitly includes supervisors). Accordingly, the court declines to reasonably infer that a limitation to occasional work-related interactions with coworkers is the same as a limitation to occasional work-related interactions with supervisors, and that neither limitation is work preclusive. *See Bray v. Comm'r of Soc. Sec. Admin*., 554 F.3d 1219, 1255 (9th Cir. 2009) ("Long- standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ–not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

In response to Plaintiff's objections, the Commissioner argues the ALJ properly assessed Plaintiff's RFC and was not bound to adopt Dr. Stafford's limitation on interaction with supervisors. (Doc. No. 32 at 3–4.) The court finds the Commissioner's argument unavailing.

The RFC assessment is an administrative finding based on all relevant evidence in the record, not just medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). In determining the RFC, the ALJ must consider all limitations, severe and non-severe, that are credible and supported by substantial evidence in the record. *Id*. An ALJ is not required to recite or incorporate medical opinion into the RFC verbatim. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015); *see Ashlock v. Kijakazi*, No. 21-cv-01687-GSA, 2022 WL 2307594, at *3 (E.D. Cal. Jun. 27, 2022) ("The RFC need not mirror a particular opinion; it is an assessment formulated by the ALJ based on all relevant evidence."). However, an ALJ errs when he does not explain why he did not adopt all findings or limitations from a persuasive opinion. *Patterson v. Comm'r of Soc. Sec.*, No. 2:23-cv-00635 AC, 2024 WL 4216810, at *8 (E.D. Cal. Sept. 17, 2024).

Here, Dr. Stafford opined Plaintiff's "ability to interact with co-workers, supervisors, and the public is moderately impaired due to increased arousal, anger, mood lability, difficulty being in social situations, and hypersensitivity." (Doc. No. 13-10 at 183.) The ALJ found Dr. Stafford's opinion "persuasive with regard to [Plaintiff's] social limitations in that it is consistent with the record as a whole, which routinely describes the claimant as pleasant and cooperative in treatment

encounters." (Doc. No. 13-3 at 23.) Consequently, the ALJ found Dr. Stafford's opinion that Plaintiff's ability to interact with supervisors is moderately impaired to be persuasive. However, the ALJ did not adequately explain why that part of Dr. Stafford's opinion was omitted from the RFC. Indeed, the magistrate judge acknowledged this omission. (Doc. No. 30 at 12.) Because the ALJ did not account for Dr. Stafford's full opinion, the court finds the ALJ's RFC determination is not supported by substantial evidence. *See Diosdado v. Bisignano*, No. 25-cv-00964-SKO, 2026 WL 234660, at *6 (E.D. Cal. Jan. 28, 2026) (finding "the ALJ was obligated to adequately address Dr. Kim's opinion as to Plaintiff's moderate limitations" where the ALJ "unambiguously credited Dr. Kim's opinion and incorporated other moderate limitations into the assessed RFC"); se*e also Harrell v. Kijakazi*, No. 20-cv-00614-GSA, 2021 WL 4429416, at *4 (E.D. Cal. Sep. 27, 2021) ("But, having clearly stated that he was according Dr. Stafford's opinion great weight, the ALJ was under an obligation to account for the moderate limitations Dr. Stafford identified irrespective of the broader reasoning in support of the RFC."). Accordingly, the ALJ did err in developing the RFC.

The court must now consider whether the ALJ's error was harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). "[A]n ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id*. (citations omitted). Courts look to the record as a whole to determine whether the error alters the outcome of the case. *Id*. In reviewing the record, the court finds the ALJ's error was not harmless. Had the ALJ incorporated Dr. Stafford's opinion that Plaintiff's ability to interact with supervisors is moderately impaired, the ultimate determination may have been different. *See Ferguson v. Colvin*, No. 15-cv-01532-SU, 2016 WL 7042076, at *5 (D. Or. Dec. 2, 2016) ("[T]he omission of a supervisor restriction is not a 'small error' which may be considered harmless given the 'unique relationship of a supervisor to an employee[.]'") (quoting *Dennis*, 2015 WL 3867506, at *9). Indeed, Plaintiff's vocational expert testified that a hypothetical individual who was unable to take criticism or instruction from supervisors for four days in an average month would not be able to maintain full-time competitive employment. (Doc. No. 13-3 at 67–68.) The vocational expert did testify that a limitation to occasional co-worker interaction was not work preclusive. (Doc. No. 13-3 at 66.) However, as

noted above, interactions with coworkers are inherently distinct from interactions with supervisors. Thus, the court cannot infer that the vocational expert would have testified that a limitation to occasional supervisor interaction was not work preclusive. Accordingly, the court cannot treat the ALJ's error in developing the RFC as harmless.

In his motion and objections, Plaintiff requests that this action be remanded for further proceedings and a new decision. (Doc. Nos. 21 at 14; 31 at 5.) The decision whether to remand a matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an agency determination, the proper course is to remand the action for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citations omitted). Given the ALJ's error, the court concludes further administrative proceedings are appropriate in this matter. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103–04 (9th Cir. 2014) (a remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose); *see Christopher G. v. Saul*, No. 19-cv-06150-AFM, 2020 WL 2079972, at *7 (C.D. Cal. Apr. 30, 2020) (finding the ALJ's error was not harmless and remanding the action for further proceedings when the ALJ did not include moderate limitations opinions by two state agency physicians in the plaintiff's RFC assessment or provide legally sufficient reasons for rejecting them).

**CONCLUSION**

For the reasons explained above:

1. The court DECLINES to adopt the findings and recommendations issued on August 22, 2024 (Doc. No. 30);
2. Plaintiff's motion for summary judgment (Doc. No. 21) is GRANTED;
3. The Commissioner's cross-motion for summary judgment (Doc. No. 23) is DENIED;
4. This action is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order; and

5. The Clerk of the Court is directed to enter judgment in favor of Plaintiff and close this case.

IT IS SO ORDERED.

Dated: **September 15, 2026**

Dena Coggins
United States District Judge